IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMOS WAYNE STURGIS,<br><br>  Petitioner,<br><br> v.<br><br>WARREN E. RUPF,<br><br>  Respondent.           / | No. C 08-05246 SBA (PR)<br><br>**ORDER OF DISMISSAL** |

  This case was commenced when Petitioner filed a document captioned "Petition For A Writ of Habeas Corpus," alleging that (1) he lacks access to the law library; (2) he is not being provided with "items to prepare his defense," such as "free stamp[ed] envelopes" and a dictionary; and (3) his phone conversations are being recorded and monitored. On January 12, 2009, the Court issued an Order of Dismissal With Leave to Amend. The Court determined that the petition did not challenge either the fact of Petitioner's conviction or the length of his sentence; instead, it challenged the conditions of his confinement. See Jan. 12, 2009 Order at 1. The Court further stated, "A federal civil rights claim under 42 U.S.C. § 1983, rather than a federal habeas petition, is the proper way to raise such claims." Id. (citing Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement)). Thus, the Court gave Petitioner thirty days from the date of the Order to file a completed civil rights form and to pay the requisite $350.00 filing fee in this action. Petitioner was warned that a failure to do so would result in dismissal for failure to prosecute.

1    The thirty-day deadline has passed, and Petitioner has neither filed a completed civil rights
2 form nor paid the full filing fee.

3    Accordingly, IT IS HEREBY ORDERED that the above-captioned action is DISMISSED for
4 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The Court has rendered its
5 final decision on this matter; therefore, this Order TERMINATES Petitioner's case.  The Clerk of the
6 Court shall terminate all pending motions and close the file.

7    When and if Petitioner is prepared to pursue his claims, he may file a new civil rights action.
8 The limitations period to file a § 1983 action in California is two years, but it is tolled for up to two
9 years during a continuous period of incarceration.  See Silva v. Crain, 169 F.3d 608, 610 (9th Cir.
10 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a
11 § 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and
12 adding § 335.1 to establish two-year residual limitations period for personal injury actions); Cal.
13 Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of
14 continual imprisonment).

15    IT IS SO ORDERED.

16 DATED: 2/20/09                              _____
                                                SAUNDRA BROWN ARMSTRONG
17                                              UNITED STATES DISTRICT JUDGE

18
19
20
21
22
23
24
25
26
27
28 P:\PRO-SE\SBA\HC.08\Sturgis5246.dismiss.wpd2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LAMOS WAYNE STURGIS,

        Plaintiff,

  v.

WARREN E RUPF et al,

        Defendant.

Case Number: CV08-05246 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 20, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lamos Wayne Sturgis F-28185
Contra Costa County Detention Facility
901 Court Street
Martinez, CA 94553

Dated: February 20, 2009

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Sturgis5246.dismiss.wpd3